### MARCUS M. BROWN, v. FRANK M. GIMM, TRUSTEE.

1. PLEA OF PAYMENT, GENERAL AND SPECIFIC.

   Where the plea of payment, interposed to the claim sued upon, is a general one, any mode of payment may be shown; but if the mode of payment is specific in the plea, then no other mode can be shown, and the testimony, and cross-examination must be confined to the payment pleaded.

2. PRACTICE—AMENDMENT OF PLEA OF PAYMENT REFUSED.

   Where it appeared that defendant, in his answer, pleaded payment in money and in the trial court it appeared that the payment was partly in money and partly in its equivalent, whereupon the court suggested an amendment, which defendant declined to make, but subsequently, when testimony and cross-examination were restricted to the payment pleaded, asked leave to amend, which the court then refused to permit, the circuit court, having no knowledge of the mode of payment which defendant desired to set up, and being without knowledge under what circumstances it would place plaintiff as to his proof or going forward with his case affirmed the judgment of the trial court.

Brown .v. Gimm.

Error to the court of Common Pleas of Cuyahoga county.

CALDWELL, J.

In this case Brown averred in his answer that the claim sued upon by the trustee had been paid in money. It very clearly appeared to the court that the strict letter of that answer was not sought to be complied with by the proof, but that the payment was in the equivalent of money and partly in money. Thereupon the court suggested an amendment of the answer, and counsel said that it was his opinion that the answer ought to be amended, but that his client, who was a lawyer, was unwilling to amend. Then the testimony proceeded on behalf of defendant; and defendant himself swore that he paid off the sums of money in question or sued upon, in money.

When the plaintiff produced witnesses to show that it had not been paid in money, the defendant undertook to show that they were paid in full in some other way than in money. The court refused to allow the cross-examination to show that they were paid in some other way than in money. The defendant then proceeded to amend. And the court then refused to allow him to amend. It is claimed here that Brown, under this answer, was entitled to show payment in any method, and the court erred in confining him to showing payment by money only.

The authorities show that if the plea of payment is a general one, that any mode of payment may be shown, but if the mode of payment is specific in the plea, then no other mode can be shown, and the court did not err in confining the testimony, under the answer, and upon the cross-examination of the plaintiff's witnesses, to a payment in money.

This court, from the record in this case, has no knowledge now of what mode of payment other than in money the defendant desired to set up. The court has no knowledge under what circumstances it would place the plaintiff as to his proof or as to going forward with the case at that time; and the allowing of an amendment to be made to a pleading is a matter largely in the discretion of the court, and yet, if it is abused, a reviewing court should correct it. But in this case Brown had the opportunity to amend his answer. In the first place he had the opportunity to set forth in his answer fully the whole transaction. In the second place he has the opportunity to amend his answer and would not avail himself of it, but proceeded until the case was substantially tried and ready for submission, and then did not so present his case as to show to this court what amendment he desired to make. Under these circumstances we feel that we can not reverse this judgment, and it is affirmed.

*Judge C. E. Pennewell,* for plaintiff in error.

*Blandin, Rice & Gimm,* for defendant in error.